IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| vs. | § | No. 09-20232-STA |
| JOSEPH W. MOORE, | § | |
| Defendant. | § | |

---

ORDER VACATING ORDERS BARRING PRO SE FILINGS
ORDER DENYING MOTION FOR AN ENLARGEMENT OF TIME TO APPEAL
AND
ORDER DIRECTING DEFENDANT TO NOTIFY COURT
WHETHER HIS MOTIONS SEEK RELIEF UNDER 28 U.S.C. § 2255

---

Presently before the Court are various pro se motions filed by Defendant that seek an enlargement of time to file a notice of appeal (ECF Nos. 43 & 42) and, apparently, relief from his guilty plea (ECF Nos. 48, 49, 50, 47 & 51). For the reasons that follow, the Court VACATES its orders striking certain pro se motions and precluding Defendant from filing pro se motions, DENIES Defendant's motions for an extension of time to file a notice of appeal, and directs Defendant promptly to notify the Court whether the motions filed on January 24, 2011, are intended to arise under 28 U.S.C. § 2255.

On April 27, 2010, the Court sentenced Defendant to a total term of imprisonment of three hundred (300) months, to be followed by a three-year period of supervised release. (ECF No.

36.) Judgment was entered on May 5, 2010. (ECF Nos. 38 & 39.) Defendant did not appeal.

The Clerk docketed letters from Defendant on October 18, 2010; October 20, 2010; November 1, 2010; and November 10, 2010. (ECF Nos. 43, 44, 41, 42 & 46.) Although these documents are largely incomprehensible, several letters arguably seek an extension of time to file a notice of appeal. (See ECF No. 43 at 1; ECF No. 42 at 1.) The Court issued an order on November 22, 2010, that directed the Clerk to docket a letter that had been mailed directly to chambers but instructed Defendant "to file his papers through counsel of record, Randolph Allen, with the Clerk of Court" and to "comply with all Local Rules of Court." (ECF No. 45.)

Defendant filed three motions on January 24, 2011. (ECF Nos. 48, 49 & 50.) The first motion, titled "Motion 1," asks the Court to vacate Defendant's conviction and judgment but does not mention 28 U.S.C. § 2255. The second, titled "Motion 2," appears to contend that Defendant is actually innocent of violating 18 U.S.C. § 924(c) because the gun used in the robberies was a toy. The document also asserts that Defendant was not competent to assist his defense attorney because of lingering effects of psychological stress and from the drugs he had been taking. The third motion, titled "Motion 3," complains that trial counsel falsely stated at the sentencing hearing that Defendant waived his right to a direct appeal.

On January 26, 2011, Defendant filed a motion stating that his attorney was no longer interested in helping him and that the mental evaluation that had been conducted was incomplete. (ECF

2

No. 47.) On February 7, 2011, Defendant filed a motion stating that he was not competent to plead guilty or to assist in his defense. (ECF No. 51.)

The Court issued an order on February 8, 2011, that struck the various pro se motions filed by Defendant on the ground that he was represented by counsel. (ECF No. 52.) The order further stated that, "[a]s Defendant is represented by counsel, Defendant shall file no further pro se documents or motions in this case. The Clerk shall not accept any further pro se documents or motions for filing in this case without an order from the Court. Any other pro se documents or motions submitted shall be forthwith returned to the Defendant by the Clerk." (Id. at 2.)

On March 3, 2011, Defendant filed another motion, which is largely incomprehensible. (ECF No. 53.)

On reconsideration, Defendant was not represented by counsel when he submitted his pro se motions and, therefore, the orders striking those motions and precluding future pro se filings were in error. The Court VACATES the orders issued on November 22, 2010 (ECF No. 45) and February 8, 2011 (ECF No. 52). Defendant is CAUTIONED, however, that all motions should be sent to the Clerk's office rather than to chambers and that a copy should be served on the United States Attorney.

The letters submitted on or about October 18, 2010, appear to seek an enlargement of time to appeal. (ECF No. 43 at 1; ECF No. 42 at 1.) Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), a notice of appeal in a criminal case must be filed within 14 days after the entry of judgment. The judgment was

entered on May 5, 2010, and the last day for filing a direct appeal was May 19, 2010.

The Court's ability to extend the time for filing a notice of appeal is severely limited:

> Upon a finding of excusable neglect or good cause, the district court may — before or after the time has expired, with or without motion and notice — extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). Thus, the Court can only extend the time for filing a notice of appeal in a criminal case to June 18, 2010. Defendant's request for an extension of time to file a notice of appeal was filed four months after the expiration of that period and it is, therefore, DENIED.

The motions filed by Defendant in January and February of 2011 (ECF Nos. 48, 49, 50, 47 & 51) raise issues that might be cognizable in a motion pursuant to 28 U.S.C. § 2255, yet the motions do not cite that provision.[1] Pursuant to Castro v. United States, 540 U.S. 375 (2003); Martin v. Perez, 319 F.3d 799, 805 (6th Cir. 2003); and In re Shelton, 295 F.3d 620, 622 (6th Cir. 2002), the Court ordinarily cannot construe a prisoner's motion as arising under 28 U.S.C. § 2255 unless it notifies the Defendant of its intention to do so and advises him of the potential consequences. A district court is not required to sua sponte recharacterize a motion or complaint. Bok Song v. Gipson, 423 F. App'x 506, 509 (6th Cir. 2011), cert. denied, ___ U.S. ___, 132 S.

---

[1] In a subsequent filing, Defendant states that he filed a § 2255 motion (ECF No. 55), but it is unclear whether he is referring to these documents or some other document that was returned by the Clerk.

Ct. 461 (2011). The Court declines to act sua sponte in this matter. Therefore, Defendant is ORDERED to advise the Court, within thirty (30) days of the date of entry of this order, when he contends he filed a § 2255 motion and whether that motion has been docketed by the Clerk. If the motion has been docketed, Defendant is directed to advise the Court of the docket entries, to the extent he is able. If the motion has not been docketed, Defendant is directed to re-submit it, accompanied by the letter from the Clerk stating the grounds for refusing the filing.

IT IS SO ORDERED this 19th day of January, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE